IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**MARINA DEASON,**
Individually and on behalf of herself
and others similarly situated,

Plaintiff

v.  Case No. _____

**LINCARE, INC.**  FLSA Collective Action
Defendant.  **JURY DEMANDED**

## COLLECTIVE ACTION COMPLAINT

Marina Deason (Plaintiff), individually, and on behalf of herself and other similarly situated current and former customer service employees, brings this Fair Labor Standards Act ("FLSA") collective action against Lincare, Inc. ("Defendant") and alleges as follows:

### I.  INTRODUCTION

1. This lawsuit is brought against Defendant as a collective action under the FLSA, 29 U.S.C. § 201, *et seq.,* to recover unpaid overtime compensation owed to Plaintiff and others similarly situated.

### II.  JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. At all times relevant and material to this action, Plaintiff and those similarly situated are or were "employees" of Defendant as defined by Section 203(e)(1) of the FLSA and, who worked for Defendant within the territory of the United States during the relevant time period.

4. At all times relevant and material to this action, Defendant is and has been an "enterprise" engaged in commerce or in the production of goods for commerce as defined by

1

Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.

5. Therefore, during all times material, each Defendant was an "enterprise" covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

6. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff was employed by Defendant in this District and Defendant regularly conducted and continues to conduct business in this District, and has engaged and continues to engage in the wrongful conduct alleged herein in this District during all times relevant and material to this action.

### III. CLASS DESCRIPTION

7. Plaintiff brings this FLSA collective action on behalf of the following similarly situated persons:

> All current and former hourly-paid customer service employees who were employed by and performed work for the Defendant "full time" for at least one week in the United States from at any time from 2020 up to and including the present and who is a Named Plaintiff or elects to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). ("the FLSA Class").

### III. PARTIES

8. Defendant Lincare, Inc. is a Delaware Corporation with its principal offices located at 19387 US Highway 19 N, Clearwater, Florida 33764-3102. Its registered agent for service of process is C T Corporation, 300 Montvue Road, Knoxville, TN 37919-5548.

9. Plaintiff Marina Deason was employed by Defendant as an hourly-paid customer service employee during all relevant periods herein. Plaintiff's FLSA Consent to Join form is attached as *Exhibit A*.

2

## IV. FACTS

10. Defendant Lincare, Inc. is a provider of oxygen and other respiratory services to customers at locations throughout the United States.

11. Plaintiff worked for Defendant as an hourly-paid customer service employee in the Nashville, Tennessee area within the last three (3) years.

12. Plaintiff and those similarly situated worked for Defendant in excess of 40 hours per week within weekly pay periods during all times relevant and material to this action.

13. Defendant failed to pay Plaintiff and those similarly situated all the overtime compensation owed them under the FLSA.

14. Specifically, Defendant either "edited-out" time worked or failed to compensate all the compensable overtime work hours of Plaintiff and those similarly situated in a variety of ways, such as:

(a) Time worked in pre-shift "off the clock" work, such as reviewing work-related messages, attending to computer/work systems' technical issues, "booting-up" and activating work-related computers that were linked to Defendant's work systems; and

(b) Time worked receiving work-related training; and;

(c) Docking $50.00 each two-week pay period from the earned overtime compensation of Plaintiff and those similarly situated who refused to take the COVID-19 Vaccine. Each such deduction directly or indirectly reduced the earned overtime compensation of Plaintiff and those similarly situated below the FLSA required rate of overtime rate of pay for all hours worked over 40 per week.

15. Defendant is aware it has not compensated Plaintiff and those similarly situated for all overtime hours worked within weekly pay periods at the applicable FLSA overtime rates of pay during all times material.

16. These claims of Plaintiff and those similarly situated are unified through common theories of Defendant's FLSA violations.

17. Defendant's plan and/or practice of failing to pay Plaintiff and those similarly situated all the overtime compensation owed them was done willfully and with reckless disregard to the FLSA overtime requirements.

18. Therefore, Plaintiff and others similarly situated are entitled to a recovery of all the unpaid FLSA overtime owed them as well as liquidated damages, attorneys' fees, interest, and other costs, fees and expenses from Defendant that are available to them under the FLSA.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS
*(On Behalf of the FLSA Class)*

19. Plaintiff, on behalf of herself and other members of the FLSA Class, repeats and re-alleges Paragraphs 1 through 18 above as if they were fully set forth herein.

20. At all times relevant herein, Defendant has been and continues to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 206(a) and 207(a).

21. Plaintiff and the FLSA Class are similarly situated because they have been deprived of earned FLSA overtime compensation as a result of Defendant's unlawful compensation plans and practices.

22. The unpaid overtime compensation claims of Plaintiff and class members, as previously described, are also similarly situated because their claims are unified through common theories of Defendant's FLSA violations.

23. Because of Defendant's failure to pay Plaintiff and other members of the FLSA class for all hours worked over 40 hours per week within weekly pay periods at the applicable FLSA overtime compensation rates of pay, it has violated the Act.

24. Defendant has had actual knowledge of willfully refusing to pay Plaintiff and other members of the FLSA Class for all the applicable FLSA overtime compensation to which they are entitled, during all times material to this collective action

25. Defendant's conduct was willful with reckless disregard to clearly established FLSA overtime compensation requirements.

26. Defendant's violations are without a good faith basis.

27. Plaintiff and the other members of the FLSA Class are therefore entitled, and hereby seek, to recover compensation for unpaid overtime compensation as required by the FLSA, and an additional amount as liquidated damages, together with interest, costs, and reasonable attorney's fees.

**PRAYER FOR RELIEF**

Whereas, Plaintiff, individually, and/or on behalf of herself and all other similarly situated members of the classes, request this Court to grant the following relief against Defendant:

A. Designation of this cause as a collective action on behalf of the FLSA class and promptly issue notice pursuant to 29 U.S.C. § 216(b), apprising class members of the pendency of this action and permitting other members of the class to assert timely FLSA claims;

B. For an Order finding Defendant liable under the FLSA for unpaid overtime compensation due to Plaintiff and those who have joined in the suit, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

C. For certification of and notice to the FLSA Class, as further defined and determined by motions practice, and to properly inform them of their rights;

D. For an Order finding that Defendant's violations of the FLSA were willful and without a good faith basis.

E. An award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiff and other members of the classes;

F. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees, and expert fees to Plaintiff and other members of the FLSA class.

G. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **TRIAL BY JURY** on all issues so triable.

November 2, 2022  Respectfully Submitted,

 */s/ Gordon Jackson*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON SHIELDS YEISER HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

*Attorneys for the Plaintiff and the Class*